## PIEPMEIER v. MECK.

*Pleading—Allegations may be incorporated in different causes of action by reference—Section 11331, General Code—Repetition of one cause of action in another—General demurrer lies, when—Added facts do not constitute cause of action—General demurrer waives objection available by motion or special demurrer—Petition for money judgment and title to property not demurrable—Money paid for particular purpose used to purchase property.*

1. Under Section 11331, General Code, allegations of one cause of action may by reference be made part of another cause of action.
2. If cause of action which is repetition of cause previously pleaded does not contain added facts in themselves constituting a cause of action, it would not be prejudicial error to sustain a general demurrer thereto.
3. Where the court has jurisdiction of the subject of the action, the filing of a general demurrer to pleading is waiver of objection that might be raised by motion or special demurrer.
4. Where petition alleged plaintiff had paid defendant certain moneys for a particular purpose not carried out, and prayed personal judgment for amount so paid, and for second cause of action pleaded same facts by reference and, further, that defendant had agreed plaintiff should hold as security certain note secured by mortgage, but that defendant had used part of money to purchase property covered by mortgage, and prayed that defendant be required to convey to plaintiff, *held* second cause of action so stated was not demurrable on ground that plaintiff was seeking both return of money and property purchased with it, and therefore not entitled to equitable relief under maxim that, "He who seeks equity, must do equity."

(Decided March 30, 1925.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Conn & Holloway,* for plaintiff in error.
*Mr. George C. Bryce,* for defendant in error.

WILLIAMS, J.   Plaintiff filed her petition containing two causes of action, the first cause of action setting forth in substance that plaintiff had turned over to defendant the sum of $2,200 for the sole purpose of making a composition with the creditors of plaintiff's son-in-law, that defendant received the money and agreed to use it in accordance with such purpose, that no composition was effected and no part of the money was used for that purpose, and that after a reasonable length of time the return of the money was demanded.   The petition concluded with a prayer for personal judgment in the sum of $2,200, and interest.

The second cause of action contained, at the outset, appropriate allegations to incorporate therein the allegations of the first cause of action, and, in addition thereto, contained the following allegations:

"And says that at or about the time said money was turned over to defendant by plaintiff for the purpose set forth in plaintiff's first cause of action, defendant agreed that plaintiff was to have and to hold as security for the payment of said amount so turned over to the defendant by plaintiff as aforesaid a certain note in the principal amount of three thousand dollars ($3,000) secured by a mortgage in the same amount on lot seventy-two (72), Berkshire addition to the city of Toledo, Lucas county, Ohio, which said note and mortgage had been executed and delivered by Otto L. H. Seppeler and Mary Seppeler to Henry Toffler, and

thereafter had been assigned and indorsed in blank by said Henry Toffler and were then in the possession of defendant. Defendant further agreed that if the holder of a certain first mortgage on said property foreclosed his first mortgage, defendant would represent plaintiff as her attorney in said foreclosure proceedings for the purpose of establishing her lien in and to said premises, and would in the event said premises were sold at sheriff's sale bid the same in for plaintiff and advance sufficient money to pay the lien of the holder of the first mortgage and court costs so as to preserve her lien and claim in and to said property, and to secure plaintiff for the money so advanced as aforesaid to defendant.

"Plaintiff further says that the holder of the first mortgage did file his cross-petition in the common pleas court of Lucas county, Ohio, in an action entitled *Clarence C. Sullivan* v. *Otto L. H. Seppeler et al.,* cause No. 84847 on the docket of said court, to foreclose his said mortgage; and that defendant, in violation of his said agreement with plaintiff and without plaintiff's knowledge or consent, filed an answer and cross-petition in said cause alleging that said note and mortgage of $3,000 given by Otto L. H. Seppeler and Mary Seppeler to Henry Toffler, and assigned in blank as aforesaid, was the property of defendant, and that he had purchased the same for a valuable consideration from said Henry Toffler; that defendant by reason thereof was entitled to a lien in and to said premises in the amount of three thousand dollars ($3,000), and prayed the court to so find; that thereafter said property was by said court of com-

mon pleas ordered sold at sheriff's sale, and defendant bid in, and with a portion of said twenty-two hundred dollars ($2,200) so advanced to him by plaintiff, as aforesaid, purchased at sheriff's sale said property in his own name for the sum of $1,100, and in his name obtained a deed to said property from the sheriff of Lucas county, Ohio; that the legal title to said property has ever since and does now stand in the name of defendant; that by reason of the foregoing plaintiff in equity and good conscience is entitled to said property and to have the same conveyed to her by defendant; that plaintiff has demanded of defendant to convey said property to her, or to a purchaser obtained by her, but that defendant has at all times wrongfully refused so to do.''

The petition concluded by repeating the prayer for personal judgment, and further prayed that the defendant be required to convey to plaintiff the premises described in the second cause of action, and for other and further relief. No motion was filed in the case directed to plaintiff's petition. On the contrary, the defendant filed a general demurrer to the second cause of action therein, and in this way raised the question of the sufficiency in law of that cause of action. The demurrer was sustained and final judgment entered. The plaintiff as plaintiff in error seeks reversal of that judgment.

Under Section 11331, General Code, the pleader could as effectively make the allegations of the first cause of action a part of the second cause of action by reference as by setting them out in full. If the second cause of action was a repetition of the

first cause of action, with other facts added which did not of themselves constitute a cause of action, it would not be prejudicial error to sustain a general demurrer thereto. *Holden* v. *Davey,* 20 C. C. (N. S.), 537, 29 C. D., 608. On the other hand, if the other facts added were sufficient to constitute a cause of action of themselves, a general demurrer would not lie. It is true, the pleading might be subject to motion or to special demurrer, but filing a general demurrer would waive the objection.

It is conceded by counsel, on argument, upon authority of *Reynolds* v. *Morris,* 17 Ohio St., 510, that sufficient facts were stated in the second cause of action to warrant the relief prayed for, if true, upon the theory that where an agent having the money of his principal invests it in real estate in his own name, the equitable title ordinarily follows the consideration, and the agent will hold the legal title in trust for his principal.

The only contention made by the defendant in error is that the second cause of action is insufficient because the facts alleged therein show a violation on the part of the pleader of the equitable maxim, "He who seeks equity must do equity." It is contended in this connection that if the matter incorporated in that cause of action from the first cause of action had been omitted, the second cause of action would not be subject to a general demurrer. In other words, the claim is made that the pleader in the same cause of action asks both to recover back the amount of money which the defendant had in his possession for the use of the plaintiff, and to have the title to the land, in which the defendant invested a part of that money, de-

creed to plaintiff, and therefore violates the maxim.

Of course the plaintiff would not be entitled to the equitable relief asked and at the same time to a judgment for the full amount. We do not consider it a violation of the above mentioned equitable maxim to ask for a money judgment for the full amount and the equitable relief prayed for either in one petition or in the same cause of action. Upon trial plaintiff might fail to establish her right to the equitable relief prayed for, and yet establish the right to a money judgment for the full amount. In that event she would be entitled to a judgment for the full amount claimed. On the other hand, if she was entitled to such equitable relief, she could not recover a personal judgment for the full amount asked for. She could, however, recover the amount still held by the defendant for plaintiff's use and benefit, which would be the original amount less the amount paid upon the property. It would have been a sufficient compliance with the equitable maxim for the court to have required that, before final judgment was entered, the plaintiff do equity as between the parties.

Judgment reversed and cause remanded, with directions to overrule the demurrer, and for further proceedings.

*Judgment reversed and cause remanded.*

RICHARDS and YOUNG, JJ., concur.